521 A.2d 515

Ann Petry, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 8, 1986, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Joseph C. Cascarelli,* for petitioner.

*Howard Ulan,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 24, 1987:

Petitioner Ann Petry appeals an order of the Department of Public Welfare (Department) denying her appeal and request for abatement or modification of liability imposed for the cost of care at Haverford State Hospital (HSH) for her son, David Petry. We affirm.

David Petry has been a mental patient at HSH since April, 1981, his condition allegedly resulting from a May 2, 1976 motorcycle accident involving a collision with a deer. On May 21, 1984, Petitioner received notice from the Department that it was assessing fifty percent of David Petry's social security benefits, for which she is representative payee, pursuant to Section 501 of the Mental Health and Mental Retardation Act of 1966 (Act), Act of October 20, 1966, Special Sess., P.L. 96, *as amended,* 50 P.S. §4501. Petitioner filed a request for abatement or modification of liability under Section 504(a) of the Act, 50 P.S. §4504(a). *See also* 55 Pa. Code §4310.17.

The Department denied Petitioner's request, and she appealed to its Office of Hearings and Appeals. After a hearing, the hearing officer found that Petitioner did not prove the existence of extraordinary circum-

stances to warrant abatement or modification, as required by 55 Pa. Code §4310.17(a), and recommended that such relief be denied. The Department adopted that recommendation and, on February 19, 1985, entered an order denying Petitioner's request for abatement or modification. Petitioner's petition for review of this order is now before our Court.

It appears from the record[1] that the Petitioner had been receiving Social Security benefits as "representative payee" for her son for some time. She failed to advise the Department of this income and had been depositing most of the money in a savings account, which, at the time of the hearing totalled $11,000.00. The cost of care at HSH was $177.00 per day.

It was Petitioner's burden to prove entitlement to abatement or modification of the assessment. *Tartaglia v. Department of Public Welfare*, 52 Pa. Commonwealth Ct. 579, 416 A.2d 608 (1980). In the instant case, Petitioner contended that there were extraordinary circumstances which entitled her to relief. 55 Pa. Code §4310.17(a) provides that only in extraordinary circumstances will the Department abate or modify an assessment. The regulation further provides that extraordinary circumstances are limited to the situations set forth in Section 504(a) of the Act which states that the Department may abate, modify, compromise or discharge liability where it is satisfied that the imposition of liability would result in loss of financial benefits or payments to the mentally disabled person, or result in substantial hardship to the mentally disabled person, a person owing a legal duty to support such person or the

---

[1] The record is barely intelligible because of the constant use of "inaudible" throughout. The Department is *again* advised that such records are unacceptable for appellate review. *See Clark v. Department of Public Welfare*, 45 Pa. Commonwealth Ct. 38, 404 A.2d 774 (1979).

family of either, or result in a greater financial burden upon the people of the Commonwealth, or create such a financial burden upon such mentally disabled person as to nullify the results of care, treatment, service, or other benefits afforded by the Act. There is no substantial evidence in the record before us which would bring the Petitioner within any of those situations.

Petitioner argues, however, that her son's present condition is the result of an accident due in part or entirely to the negligence of the Commonwealth and that this is an extraordinary circumstance. It is then contended that the Commonwealth lacks "clean hands" and thus is barred from making an assessment. At the outset, we note that this does not fall within any of the extraordinary circumstances set forth in 55 Pa. Code §4310.17(a). We also note that there is no substantial evidence[2] from which it could be determined that the Commonwealth was at fault in an accident which occurred five years before Mr. Petry's hospitalization. Finally, we know of no law and none has been cited that would prohibit the Department from obtaining that reimbursement for services and care to which it is entitled from funds being paid by Social Security for the care of a mentally disabled person in that person's own right, even if it should be determined that the Commonwealth's negligence was responsible for an accident which allegedly caused that person's hospitalization.

Petitioner's request that this Court hold an evidentiary hearing or order a jury trial on the cause of the accident is completely inappropriate since this case is in our appellate and not our original jurisdiction. The further request that we "do equity" by leaving the parties where they were prior to the Department's assessment

---

[2] All of the testimony regarding the accident was hearsay.

must be denied because the Petitioner has failed to prove that the assessment is in any way invalid.

We, accordingly, affirm the decision of the Department denying Petitioner's request for abatement or modification.

ORDER

The order of the Department of Public Welfare, Office of Hearings and Appeals, denying Petitioner Ann Petry's petition for abatement or modification is affirmed.