522 A.2d 1192

John J. Lozada, an Incompetent, by Hamilton Bank, his Guardian, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 24, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Richard A. Breuer*, for petitioner.

*John Kane*, Chief Counsel, with him, *Jean E. Graybill*, Assistant Counsel, for respondent.

OPINION BY JUDGE COLINS, March 24, 1987:

Hamilton Bank, in its capacity as guardian of John J. Lozada, an incompetent (petitioner), appeals from a final order of the Department of Public Welfare (Department) terminating petitioner's medical assistance benefits for nursing home care on the grounds that petitioner had "funds in excess of eligibility limits." Public Assistance Eligibility Manual, §177.83, Income Maintenance Bulletin No. 177-84-44. The Department in this case affirmed the hearing officer's denial of benefits. We affirm the Department.

As the result of a motorcycle accident, petitioner cannot speak or communicate in any way, and, thus, has been adjudicated incompetent and is a resident of a nursing home. Litigation was instituted on petitioner's behalf which resulted in settlements, of which the net proceeds in favor of petitioner were approximately Two Hundred Fifteen Thousand Dollars ($215,000.00). One of the three parties partly responsible for petitioner's accident, which settled with petitioner, was the Commonwealth of Pennsylvania, Department of Transportation. The proceeds of these settlements were disbursed to petitioner's mother, as guardian.

Petitioner's mother and guardian died on June 10, 1984. At that time an accounting was done which established that only One Hundred Twelve Thousand Dollars ($112,000.00) remained in the guardian's account and it appeared that of the approximately One Hundred Three Thousand Dollars ($103,000.00) which had been expended, petitioner's mother had spent only Five Hundred Dollars ($500.00) for the benefit of her son, the incompetent petitioner. Subsequently, Hamilton Bank of Lancaster, Pennsylvania, was appointed as guardian of petitioner in September, 1984, pursuant to court intervention.

Prior to the action that generated this appeal, petitioner had received medical assistance benefits in the Medically-Needy, Disabled category through the Chester County Assistance Office (CAO), which had been unaware of petitioner's assets. In May, 1985, the nursing home in which petitioner resides informed the CAO that petitioner had substantial assets. Upon receiving this information, the CAO confirmed with Hamilton Bank that petitioner had assets in excess of One Hundred Thousand Dollars ($100,000.00). Accordingly, the CAO informed petitioner by advance notice that he was ineligible for further assistance because of excess

resources. The CAO did not propose to seek repayment of the medical assistance petitioner had already received; it merely informed him that he was ineligible for any future assistance.

Petitioner appealed, and a hearing was held at which it was established that the net proceeds of all settlements in favor of petitioner were approximately Two Hundred Fifteen Thousand Dollars ($215,000.00) and that approximately One Hundred Twelve Thousand Dollars ($112,000.00) remained.

In his decision, the hearing examiner acknowledged the tragedy of petitioner's situation, but ruled that he was unable to waive resource regulations. He cited *Public Assistance Eligibility Manual,* (PAEM), §177.83(b), as updated by Income Maintenance Bulletin, No. 177-84-44, which set forth a resource limit of Twenty-four Hundred Dollars ($2400.00) for a single individual to be eligible for any medically-needy category of medical assistance benefits.

The sole issue on appeal is whether or not the hearing officer, as affirmed by the Department, correctly determined that petitioner is no longer eligible for medical assistance because his resources exceed the eligibility limit. Our scope of review is limited to determining whether the adjudication is in violation of the constitutional rights of the petitioner, is not in accordance with law, or whether any finding of fact necessary to support the Department's conclusion is not supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *See also Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Petitioner contends that the Department erred in terminating his medical resources because (1) the source of petitioner's resources was a tort settlement with the Commonwealth; (2) the termination would result in recovery by the Department in amounts in ex-

cess of those permitted by statute (Section 1409 of the Public Support Law (Act), Act of June 13, 1967, P.L. 31, 62 P.S. §1409(b)(11)); and (3) the Department failed to take into account the question of undue hardship, as provided by 62 P.S. §1409(b)(2)(ii).

The possession of resources in excess of a prescribed limit is a valid basis on which to deny medical assistance. *Skinner v. Department of Public Welfare,* 41 Pa. Commonwealth Ct. 469, 399 A.2d 811 (1979). Petitioner asserts that, in the instant matter, we should make an exception to this rule because the source of the excess funds is a tort settlement with the Commonwealth. However, petitioner cites no support for this proposition but merely argues that if the Commonwealth had not been partially liable and, thus, petitioner had received no settlement, the Department would still have been liable for petitioner's health care. Thus, he argues that if we allow the funds paid on behalf of the Department of Transportation to be used for his health care, it is as if the Commonwealth's fault makes no difference in what he receives and, thus, he has not been compensated by the Commonwealth for his injuries.

Unfortunately for petitioner, his proposition is without any case or statutory support. Resource exemptions are set forth in Public Assistance Eligibility Manual, §177.83(b). There is no exception or exemption for funds which are the result of a personal injury award. Any resource which an individual has or can use must be considered available to him and counted towards the resource limit of Twenty-four Hundred Dollars ($2400.00). The Commonwealth's involvement as a tortfeasor will not, per se, defeat the Department's statutory right to a lien upon the assets of a welfare recipient or upon the funds received from third party payees by a welfare recipient. *See Petry v. Department of Public Welfare,* 104 Pa. Commonwealth Ct. 183, 521 A.2d 515 (1987).

Petitioner's second argument, that termination of his medical assistance would result in recovery by the Department of amounts in excess of those permitted by statute also must fail. 62 P.S. §1409(b)(11) provides as follows:

Except as otherwise provided in this act, notwithstanding any other provision of law, the entire amount of any settlement of the injured beneficiary's action or claim, with or without suit, is subject to the department's claim for reimbursement of the benefits provided any lien filed pursuant thereto, but in no event shall the department's claim exceed one-half of the beneficiary's recovery after deducting for attorney's fees, litigation costs, and medical expenses relating to the injury paid for by the beneficiary.

Petitioner's argument ignores the fact that this provision applies to recovery from third parties and that it refers to recoupment of payments already made by the Department on behalf of injured beneficiaries. This provision is totally separate from regulations which allow the Department to terminate future medical assistance benefits. In this case, the Department was not seeking reimbursement of the medical assistance benefits already paid on petitioner's behalf, despite petitioner's ineligibility for those benefits when they were disbursed. Thus, this provision is inapplicable in petitioner's case.

Petitioner's final argument that undue hardship will result from termination of benefits in this case, likewise, fails. Once again, the statute to which he refers, 62 P.S. §1409(b)(2)(ii), provides that the Department may compromise its claim against a *third party* who was liable to pay for health care which the Department has paid for under the medical assistance program. The matter before this Court does not involve the Department's mak-

ing a claim against a third party or making any claim for recovery or recoupment of medical assistance benefits paid on petitioner's behalf. Additionally, we merely note that even in an action to recover against a third party, the Department is not required to reduce the claim because of hardship but, rather, merely is permitted to do so. There is no "undue hardship" exception to the rule that all resources are included unless specifically exempted.

Thus, the Department's conclusion that petitioner is no longer eligible for medical assistance due to excess resources is supported by substantial evidence and, accordingly, we affirm.

ORDER

AND NOW, this 24th day of March, 1987, the order of the Department of Public Welfare, dated November 18, 1985, in the above-captioned matter, is hereby affirmed.