Ailace Clark, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 11, 1979, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*Arlene F. Boop,* for appellant.

*Catherine Stewart,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, August 10, 1979:

This is an appeal from a decision of the Hearing and Appeals Unit of the Department of Public Welfare (DPW), denying Ailace Clark's (Appellant's) application for a grant under the Emergency Energy Assistance Program.

Unfortunately for the litigants and this Court, we cannot reach the merits of this case because we are compelled to remand it for the reason that the record is so deficient that it precludes appellate review. It is well settled that

> [t]he crucial aspect on appeal is whether there is a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal, *and also that the appellate court is given a sufficient record upon which to rule on the questions presented.* (Emphasis added.)

*Sharp's Convalescent Home v. Department of Public Welfare,* 7 Pa. Commonwealth Ct. 623, 628, 300 A.2d 909, 911 (1973). In that case, our Court also said that "[t]he agency takes the risk that an adequate record has been maintained." *Id.*

Counsel for DPW has done an admirable job of trying to supply information that would make at least

some sense out of an otherwise completely unintelligible record. However, after a consideration of that brief and counsel's argument, and after our own best efforts to decide the case on the few matters in the record which are intelligible, we are firmly convinced that we simply cannot do so without risk of prejudice to the Appellant. In an eight page record there are 19 different instances where answers by witnesses are either totally or partially "inaudible." Even worse, there are 47 instances in the same record where the person speaking is "unidentified." Perhaps the most glaring example of the insufficiency of the record is the hearing examiner's final statement,

[i]s there anything else to be argued by the appellant or the Department? O.K. the time is now approximately 3:10 p.m. and this record is now closed. It's closed subject to the five day extention [sic] which I granted the appellant's representative to (inaudible) evidence from the gas company.

One of the major issues in the case is what the Appellant was required to produce at the fair hearing to make out her case. The examiner, in his adjudication, explains what it was he wanted by way of additional evidence from the gas company, but Appellant has an entirely different recollection of what was stated by the examiner. Finally, as Appellant notes, there is nothing in the record which shows that any dispensation by way of an extension of time had been requested or granted to Appellant.

It is inconceivable to us that the DPW examiner and/or the Hearing and Appeals Unit did not recognize immediately the insufficiency of the present record, and order for its own convenience, if not necessity, a new record. Their failure to do so has not only resulted in undue delay in deciding the case but the expense and time of court and counsel for a case in-

volving $273.17, as a result of this negligence is unconscionable.

ORDER

AND Now, this 10th day of August, 1979, the order of the Department of Public Welfare dated July 17, 1978 is hereby remanded for a new hearing and a complete record thereof.