530 A.2d 507

Frederick Bandy, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 12, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*J. Karen Arnold,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, August 12, 1987:
In this parole revocation appeal, Frederick Bandy, Petitioner, appeals two orders of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeals from a Board parole revocation order. That parole revocation order recommitted him as a convicted parole violator to serve sixty months on backtime. We affirm.

Bandy was originally sentenced in August, 1974, in Philadelphia County Common Pleas Court to a term of ten to twenty years as a result of his convictions for Sec-

ond Degree Murder[1] and Robbery.[2] The Board granted him parole on that sentence and he was released from the State Correctional Institution at Camp Hill (SCI-Camp Hill) on August 14, 1984.

On August 20, 1985, he was arrested by Philadelphia Police and charged with Robbery, Aggravated Assault,[3] Simple Assault,[4] Attempted Theft by Unlawful Taking or Disposition,[5] and Possession of an Instrument of Crime (PIC).[6] These charges stemmed from a complaint filed by one Debra Allison who alleged that he stabbed her in the arm and leg with a knife and attempted to steal her money. On February 25, 1986, he was convicted of all of those charges except PIC. A sentence of two to four years was imposed by the common pleas court for those new convictions.

Bandy was given a parole Revocation Hearing before a Board hearing examiner on May 2, 1986, at the Philadelphia County Prison. He waived counsel representation and admitted he was convicted of the offenses charged and that he was sentenced to a term of two to four years. He also testified that Ms. Allison was his girlfriend and that the charges were fabrications made up by her in an attempt to get even with him for being with another female. Bandy's parole agent submitted a certified copy of a Philadelphia County Common Pleas Court criminal docket sheet showing he was convicted of Robbery, Aggravated Assault, Simple Assault, and Attempted Theft by Unlawful Taking or Disposition. Subsequently, the Board revoked his parole and recom-

---

[1] Section 2502 of the Crimes Code, 18 Pa. C. S. §2502.
[2] Section 3701 of the Crimes Code, 18 Pa. C. S. §3701.
[3] Section 2702 of the Crimes Code, 18 Pa. C. S. §2702.
[4] Section 2701 of the Crimes Code, 18 Pa. C. S. §2701.
[5] Sections 901 and 3921 of the Crimes Code, 18 Pa. C. S. §§901 and 3921.
[6] Section 907 of the Crimes Code, 18 Pa. C. S. §907.

mitted him as a convicted parole violator to serve sixty months on backtime.[7] He then filed two pro se administrative appeals that were denied by the Board on July 15, 1986, and July 22, 1986.

In this appeal, Bandy raises numerous assignments of error that we shall address in turn. In so doing, we are cognizant that our limited scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requires that we affirm the Board's order unless necessary findings are unsupported by substantial evidence, an error of law committed, or a constitutional right of the parolee violated. *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

We shall first address Bandy's contention that the transcript of his May 2, 1986, Revocation Hearing is woefully incomplete and therefore insufficient for this Court to properly conduct a meaningful review. We have previously held that the Board must provide a complete record of its proceedings, including a verbatim transcript of the hearing where necessary, so that this Court may conduct a meaningful review of the issues raised on appeal. *LaBoy v. Pennsylvania Board of*

---

[7] The Board's parole revocation order, in pertinent part, provides:

> As recorded on 060286 the Board of Probation and Parole rendered the following decision in your case:
> Recommit to a State Correctional Institution as a convicted parole violator to serve a total of 60 months backtime.
> 60 months for the offenses of Robbery, Simple Assault, Aggravated Assault, Attempted Theft by Unlawful Taking and Disposition. Evidence relied upon: Convictions in a court of record. Proof of convictions. Your admission to the convictions. The predominant presumptive range for the offense of Robbery is 24 to 40 months. Reasons: Convictions in a court of record established. Aggravating: On parole for Murder—2. Weapon involved. Victim Injury.

*Probation and Parole,* 74 Pa. Commonwealth Ct. 332, 459 A.2d 916 (1983); *Brown v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 597, 453 A.2d 1068 (1982); Pa. R.A.P. 1951(a). Where the record provided by the agency is so unintelligible that it precludes us from reaching a decision on the merits, we have remanded the matter back to the agency for a new hearing and the making of a complete record. *See e.g., Clark v. Department of Public Welfare,* 45 Pa. Commonwealth Ct. 38, 404 A.2d 774 (1979). Our review of the record provided by the Board, including the six page transcript of Bandy's May 2, 1986, Revocation Hearing, satisfies us that it is sufficient to enable us to perform our appellate review function.

Bandy's chief complaint with the record is the number of "inaudible" notations found in the hearing transcript. By his count, the six page transcript contains twelve such notations. In *Clark,* we remanded the case back to the Department of Public Welfare where its eight page transcript contained nineteen "inaudible" notations and essential information was absent. Despite the number of such notations in this transcript, there is only one part of the testimony that causes us concern. That portion reads as follows:

> HEARING EXAMINER ALLISON: What were the circumstances surrounding the conviction that you want the Board to know about?
>
> MR. BANDY: Well, there was things that weren't brought out that should have been brought out. (Inaudible) Because of my lack of proper representation I wasn't able to bring this out at the trial. (inaudible) The female associate of mine said things happened that didn't happen. (inaudible) She was getting me back for something because I was with another female and she was angry.

The hearing examiner in her report summarized Bandy's testimony as follows:

Client [Bandy] admitted to his convictions, stating he was sentenced on 5/1/86 two to four years.

Client stated that due to lack of proper representation at trial they did not bring out all of the information. Client states that the female associate with which he was involved said things happened that didn't happen and he didn't think that he had done anything. According to client she did this in order to get back at him because he was with another female and she was angry.

Bandy, in his administrative appeal petition, states that at the hearing on May 2, 1986, he admitted to having a verbal altercation with Ms. Allison but not a physical one. Viewing the record as a whole, we find it sufficient to review the merits of Bandy's remaining issues.

Bandy next argues that his waiver of counsel was ineffective due to the hearing examiner's failure to conduct an adequate colloquy. We initially note that Bandy failed to raise this issue on administrative appeal to the Board and we have held on numerous occasions that issues not presented before the Board may not be raised for the first time on appeal. Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a); Pa. R.A.P. 1551(a); *Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984). We also note in passing that the hearing examiner did all that was required of her in order to effectuate a valid waiver of counsel under the requirements we set forth in *Coades v. Pennsylvania Board of Probation and Parole,* 84 Pa. Commonwealth Ct. 484, 480 A.2d 1298 (1984), *allowance of appeal denied,* No. 143 M.D. Allocatur Dkt. 1984 (Pa., filed March 13, 1985), and

reaffirmed in *Hill v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 140, 492 A.2d 80 (1985), *allowance of appeal denied,* 514 Pa. 650, 524 A.2d 496 (1987).[8]

Bandy next argues that the aggravating factors cited by the Board for exceeding the predominant presumptive range for Robbery, twenty-four to forty months, were not supported by substantial evidence. Specifically, he contends that the Board erred in relying upon information contained in the parole Arrest and Violation Reports that were submitted by the parole agent at the May 2, 1986, hearing. Where the Board exceeds its maximum presumptive range in awarding backtime for parole violations, the Board is required to provide written justification for imposing that excess backtime. 37 Pa. Code §75.1(c); *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). Those aggravating factors or reasons must also be supported by substantial evidence contained in the record. *Harper v. Pennsylvania Board of Probation and Parole,* 103 Pa. Commonwealth Ct. 251, 520 A.2d 518 (1987).

We initially find no error on the part of the Board in considering the parole Arrest Report, Form PBPP-257A, dated August 23, 1985, and the parole Violation Report, Form PBPP-257B, dated March 18, 1986, that were placed in the record at the May 2, 1986, Revocation Hearing. In *Falasco v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 321, 521 A.2d 991 (1987), we held that the Board may properly utilize information contained in parole Violation Reports submitted by its agents in the penalty phase of a parole

---

[8] *See generally* Wile, *The Right to Counsel under Pennsylvania Law in State Parole Revocation Hearings,* 91 Dick. L. Rev. 151, 169-173 (1986).

revocation proceeding. Bandy intimates that such documents are hearsay and are improper to base a justification for exceeding the presumptive range in imposing backtime. We disagree. As we stated in *Falasco,* the parole Violation Report, particularly the parolee's summary of adjustment and criminal history, is essentially a summary of information contained in the Board's central file on the parolee.[9] The Board is permitted to take official notice of such information. *Falasco,* 104 Pa. Commonwealth Ct. at 326, 521 A.2d at 994. We also note that the Board uses this information only in determining an appropriate penalty once the fact of a parole violation has been proven. The information contained in the Arrest and Violation Reports is not used to determine whether or not the parolee actually committed the parole violations charged.

The Board's use of its Arrest and Violation Reports, therefore, can be analogized to a criminal court's use of pre-sentence and psychiatric reports in the sentencing process. In the sentencing phase of a criminal prosecution, where a criminal defendant is afforded considerably greater constitutional guarantees and safeguards than a parolee in a Board revocation proceeding, the sentencing judge is permitted, and required, to utilize information in arriving at a proper sentence for a defendant that would otherwise be considered as hearsay and inadmissible in the guilt or innocence phase of the

---

[9] The doctrine of official notice set forth in *Falasco* permits the Board to take official notice of facts that are obvious and notorious to both persons of common intelligence and to experts in the Board's field of expertise. Additionally, we held in *Falasco* that the Board, in the penalty phase of a parole revocation proceeding, may take official notice of prior Board orders and reports contained in its central file on the parolee even though such orders and reports were not introduced into evidence at the Violation or Revocation Hearing itself.

criminal prosecution. For example, Pa. R. Crim. P. 1403 allows the sentencing judge to use a pre-sentence investigation report as well as a psychiatric or diagnostic examination. Pa. R. Crim. P. 1404 mandates that pre-sentence and psychiatric reports are confidential and may be disclosed to a defendant's counsel, but a defendant does not have a right to personally examine those reports. *Commonwealth v. Smillie,* 316 Pa. Superior Ct. 83, 462 A.2d 804 (1983). By contrast, the Board's Arrest and Violation Reports were introduced here at Bandy's Revocation Hearing and he could have, had he chosen to do so, reviewed and objected to the accuracy of their contents. Thus, there is no due process violation by the Board's utilization of its Violation Report in the penalty phase of its parole revocation proceedings.

In its order of June 2, 1986, the Board cited three aggravating factors as justification for exceeding the maximum presumptive range by twenty months. Those were (1) that Bandy was on parole from a Murder conviction at the time the offense took place; (2) that a weapon was involved; and (3) that the victim was injured.

As to the first aggravating factor, Bandy does not seriously challenge the evidentiary support for this finding since he concedes, as he must, that he was on parole for a 1974 conviction of Second Degree Murder and Robbery. Rather than challenging the evidentiary support for this aggravating factor, Bandy argues that it is inappropriate for the Board to use his initial offense as an aggravating factor to increase the amount of backtime he must serve for violating parole granted on that same sentence. We disagree. The Board has been granted broad discretion by the General Assembly in parole matters. *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983). The revocation of parole is purely a function of

administrative, not judicial, discretion. *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). Only where an agency has abused its discretion or has exercised it in an arbitrary or capricious manner will a court substitute its discretion for that of the agency. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). There has been no abuse of discretion here. The Board is entitled, in the exercise of its discretion, to consider the commission of a crime of violence by a person on parole from a murder conviction a more grievous offense than a similar crime committed by one on parole from a forgery or bad check conviction. The Board does not exercise its discretion in an arbitrary or capricious manner when it considers a parolee with a history of violent crimes more of a danger to society than a parolee who has committed one such offense.

We shall next review the evidentiary support for the Board's aggravating factor that a weapon was involved in the offense. The parole Violation Report contains the following narrative gleaned from the Philadelphia Police report of the crime:

> Client [Bandy] who brandished a knife threw victim to the ground, stabbed her on the arm and leg and attempted to take her money. Victim fought client off.

The Arrest Report contains a similar recitation of the crime:

> Phila. Police report that client [Bandy] robbed complainant Debra Allison 26-N/F [twenty-six year old Negro Female] and stabbed her in the arm and leg, on the highway [at] 13th & Pine Sts.

While that information, gleaned from the Philadelphia Police reports based upon the complaint of the crime

victim constitutes multiple hearsay, it is corroborated by the offenses of which Bandy was convicted. While he was acquitted of the PIC charge, he was convicted of Aggravated Assault that was classified as a first degree misdemeanor. For Aggravated Assault to be so classified under Section 2702(b) of the Crimes Code, 18 Pa. C. S. §2702(b), the underlying offense must have involved the use of a deadly weapon or an assault upon a school teacher or board member or upon a police officer during the course of making an arrest. Since neither a school teacher, school board member, nor a police officer was involved in the incident at Thirteenth and Pine Streets in Philadelphia, the common pleas court must have found that a deadly weapon was involved under the definition of Aggravated Assault found at Section 2702(a)(4) of the Crimes Code, 18 Pa. C. S. §2702(a)(4) in order for that court to have classified the offense as a first degree misdemeanor.[10] Bandy's acquittal of the PIC charges does not negate that finding since such a finding does not necessarily mean the common pleas court found he did not possess a knife. Our courts have held repeatedly that a knife does not necessarily constitute an "instrument of crime" within the definition of Section 907 of the Crimes Code, 18 Pa. C. S. §907. *See e.g., Michael v. Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 173, 481 A.2d 711 (1984); *Commonwealth v. Moore*, 259 Pa. Superior

---

[10] When reviewing the evidentiary record to determine whether a finding is supported by substantial evidence, the prevailing party is entitled to the benefit of every inference that may be logically and reasonably drawn from the evidence viewed in a light most favorable to the prevailing party. *See e.g. Pennsylvania Game Commission v. Department of Environmental Resources*, 97 Pa. Commonwealth Ct. 78, 509 A.2d 877 (1986); *Doerr v. Pennsylvania Liquor Control Board*, 88 Pa. Commonwealth Ct. 610, 491 A.2d 299 (1985).

Ct. 560, 393 A.2d 967 (1978). The Board's finding that a weapon was involved in the underlying offense is, therefore, supported by substantial evidence.

We likewise find that the Board's finding that the crime victim was injured is supported by substantial evidence. Both the Arrest and Violation Reports mention the crime victim as being stabbed with a knife. Additionally, the definition of Aggravated Assault under 18 Pa. C. S. §2702(a)(4) defines the offense as intentionally or knowingly causing bodily injury to another with a deadly weapon. Additionally, the definition of Robbery found in Section 3701(a) of the Crimes Code, 18 Pa. C. S. §3701(a), defines the crime of Robbery as the infliction of serious bodily injury upon another in the course of committing a theft or physically taking or removing property from the person of another by force, however slight. Thus, Bandy's convictions of both Robbery and Aggravated Assault, coupled with the information contained in the parole Arrest and Violation Reports, constitute substantial evidence to support the Board's finding that the crime victim was injured.

Bandy's next argument is that the sixty months backtime imposed by the Board is harsh and excessive under the circumstances. In reviewing this claim, we are mindful that he was on parole from a sentence imposed for Second Degree Murder and Robbery and that his subsequent conviction is for Robbery and Aggravated Assault, among other things, both crimes of violence as defined by Section 6102 of the Crimes Code, 18 Pa. C. S. §6102. Bandy also does not contest the fact that he was so convicted, only that his subsequent conviction was obtained through the ineffective performance of his trial counsel. We have also found that the three aggravating factors utilized by the Board are supported by substantial evidence. In view of the foregoing, and that the General Assembly has, in Section 21.1(a) of the Act

of August 6, 1941 (Parole Act), P.L. 861, *as amended,* 61 P.S. §331.21a(a), vested the Board with the discretion to recommit convicted parole violators for the *entire remaining balance* of their unexpired terms,[11] the Board did not abuse its discretion by exceeding by twenty months the maximum presumptive range when imposing backtime for Bandy's subsequent convictions. Our conclusion is further buttressed by the fact that the Board could have, had it so chosen, imposed backtime separately upon *each one* of Bandy's subsequent convictions. *See Perry v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 548, 485 A.2d 1231 (1984); *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984). The presumptive range for Aggravated Assault, graded here as a first degree misdemeanor, is fifteen to twenty-four months; for Simple Assault, nine to fifteen months; for Attempted Theft by Unlawful Taking or Disposition, graded as a first degree misdemeanor, six to twelve months. 37 Pa.Code §75.2. By aggregating those presumptive ranges with the twenty-four to forty month presumptive range applicable to Robbery, the Board could have, if it so chose, utilized an aggregate presumptive range of fifty-four to ninety-one months. *See LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985). The sixty months actually imposed by the Board is well within the lower range of the possible aggegated presumptive range under *LaCourt, Perry,* and *Corley.* Here, however, for reasons best known to itself, the Board chose to run the backtime for the new offenses concurrently with each other and used the presumptive

---

[11] *See Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984).

range for Robbery as the predominant presumptive range.

Finally, Bandy argues that the Board erred and abused its discretion when it considered his prior criminal record in determining the amount of backtime he was to serve as a convicted parole violator. Far from abusing its discretion, the Board was merely following its statutory mandate to inform itself of Bandy's complete criminal record as required by Section 19 of the Parole Act, 61 P.S. §331.19. The pertinent provisions of Section 19 provide:

> It shall be the duty of the board, upon commitment to prison of any person whom said board is herein given the power to parole, to investigate and inform itself respecting the circumstances of the offense for which said person shall have been sentenced, and, in addition thereto, it shall procure information as full and complete as may be obtainable with regard to the character, mental characteristics, habits, antecedents, connections and environment of such person. . . . The board shall further cause . . . *his complete criminal record,* as far as the same may be known, to be investigated and reported. . . . (Emphasis added).

The obligation to inform itself of a parolee's criminal record is applicable both to the initial decision to grant parole as well as to any recommitment decisions the Board may be required to make if parole is violated. Therefore, the Board did not abuse its discretion in considering Bandy's criminal history when it determined that he was to serve sixty months on backtime as a convicted parole violator when Section 19 of the Parole Act required that it do.

In view of the foregoing, we shall affirm the Board's denial of administrative relief and affirm its imposition of sixty months backtime.

ORDER

Now, August 12, 1987, the Orders of the Pennsylvania Board of Probation and Parole at Parole No. 8219-J, dated July 15, 1986, and July 22, 1986, denying administrative relief to Frederick Bandy and affirming the imposition of sixty months backtime as a convicted parole violator, are hereby affirmed.