534 A.2d 579

Cornelius Ferguson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 26, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*David Crowley,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, December 10, 1987:

Cornelius Ferguson (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief. We vacate and remand.

While on parole from a conviction for murder 3, Petitioner was arrested on September 11, 1985 and charged with aggravated assault, simple assault, recklessly endangering, criminal attempt (murder), former convict not to own firearms, and carrying a firearm without a license. In January 1986, Petitioner was found guilty only of the charges of criminal attempt and aggravated assault. The criminal attempt charge was later vacated and the Board ultimately modified its order so as to recommit Petitioner for sixty months based only upon the aggravated assault charge. In its order, however, the Board referred to the presumptive range for aggravated assault as twenty-four to forty months. Under Board Regulation 75.2, 37 Pa. Code §75.2, there are two sets of presumptive ranges for aggravated assault. When the offense is graded as a felony the presumptive range is twenty-four to forty months; when the offense is graded as a misdemeanor, however, the presumptive range is fifteen to twenty-eight months. The Board concedes in its brief that it erroneously applied the presumptive range for felonious aggravated assault rather than the presumptive range for misdemeanor aggravated assault. It contends, however, that this constitutes harmless error because its order contained written justification for deviating from the presumptive range. Specifically, the Board order indicated that aggravating factors relied upon by it for deviating from the presumptive range were the use of a weapon for the crime of aggravated assault and the seriousness of Petitioner's original offense, *i.e.* murder. Petitioner, on the other hand, contends that the error was not harm-

less because there was no evidence at the hearing that Petitioner had used a weapon in the aggravated assault and that reliance on his original crime of murder constitutes double punishment for that offense in violation of constitutional due process principles. Thus, reasoning that the two aggravating factors were improperly considered, Petitioner contends that the Board's order must be set aside or at a minimum his backtime must be recalculated using the proper presumptive range. Petitioner also complains that the Board failed to consider mitigating factors he presented.

We shall examine these various contentions keeping in mind that our scope of review of a Board order is limited to determining whether the Board's adjudication is supported by substantial evidence and is in accordance with the law and whether the petitioner's constitutional rights have been observed. *Bandy v. Pennsylvania Board of Probation and Parole,* 108 Pa. Commonwealth Ct. 387, 530 A.2d 507 (1987); *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984). It is well settled that where the Board deviates from a presumptive range in awarding backtime for parole violations it must provide written justification for its decision. *See e.g. Bandy; Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). Further, those aggravating reasons must be supported by substantial evidence in the record. *Bandy.*

Here it is undisputed that the correct presumptive range was fifteen to twenty-eight months and that Petitioner was actually recommitted for sixty months. Accordingly, we must determine first whether the aggregated factors cited by the Board have support in the record and second, if they are supported, whether the Board's reliance upon the wrong presumptive range constitutes harmless error.

Petitioner first maintains that there was no evidence of record that he used a weapon in the aggravated assault. It is clear that there was no viva voce testimony on this point. The record does, however, contain arrest and violation reports which indicate the use of a weapon. Further, the definition of aggravated assault of the misdemeanor type provides that one is guilty of such offense if he or she "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon. . . ." Section 2702(a)(4) of the Crimes Code (Code), 18 Pa. C. S. §2702(a)(4).

In *Bandy* the parolee maintained that the Board had no evidence that the crime victim was injured or that a weapon was involved in the offense. The Board, however, had relied upon those two points as aggravating factors when it exceeded Bandy's presumptive range. This Court examined the definitions of aggravated assault[1] and robbery[2] under the Code (the crimes for which Bandy had been convicted). We then concluded that conviction for those offenses lent support to the aggravating factors the Board cited. Accordingly, we held that conviction of those crimes, along with the parolee's arrest and violation reports of which the Board may take official notice, comprised substantial evidence to support the aggravating factors. A similar result is compelled here based upon the definition of assault in Section 2702(a)(4) of the Code and the arrest and violation reports.

Petitioner further contends that the Board wrongfully relied upon his prior murder conviction when imposing his backtime. *Bandy* has also disposed of this legal issue. We held in *Bandy* that where, in assessing the amount of backtime a parolee should serve, the Board considered the individual's prior criminal record it did not abuse its discretion. In fact, we went on to indicate

---

[1] 18 P.S. §3702(a)(4).
[2] 18 P.S. §3701(a).

in *Bandy* that the Board, in considering such information, merely follows its duty as prescribed under Section 19 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.19. Accordingly, we must conclude that the aggravating reasons cited by the Board were based upon matters of record.

Having so concluded, however, we are unwilling to make the quantum leap that the Board would have imposed backtime which amounts to more than double the twenty-eight months which is at the high end of the relevant presumptive range. Accordingly, we shall vacate the Board's order and direct it to reconsider Petitioner's backtime based upon the correct presumptive range and the two aggravating circumstances it cited.

Finally, Petitioner contends that the Board failed to consider mitigating circumstances which could have justified a reduction in his backtime. We held in *Zazo,* where the parolee raised the identical argument, that the Board is not required to discuss and evaluate every contention of the parties and that it has wide discretion on credibility matters. We, therefore, find no error in the Board's having rejected Petitioner's mitigating circumstances without having specifically discussed them in its order.

Based upon the foregoing, the order of the Board is vacated and this case is remanded for reconsideration of the backtime to be imposed upon Petitioner by using the correct presumptive range as a starting point.

## ORDER

AND NOW, this 10th day of December, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby vacated and this case is remanded to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.