William HARRIS, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 24, 1996.
Decided July 10, 1996.

Robert S. McMinn, for Petitioner.

Arthur R. Thomas, Assistant Chief Counsel, for Respondent.

Before McGINLEY and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

William Harris (Harris) petitions for review of a decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the Board's previously issued revocation decision, recommitting Harris to serve 30 months backtime as a technical parole violator.

On November 28, 1990, Harris was paroled from a 6–20 year sentence which he was serving for a rape conviction. On October 31, 1994, Board agents arrested Harris for violating general parole condition 5(c), alleging that he had been assaultive toward Barbara Banks, his live-in girlfriend at the time.[1]

A violation hearing was conducted on February 27, 1995, following which, the Board mailed its revocation decision on July 27, 1995, recommitting Harris as a technical parole violator to serve an additional 30 months of his original sentence. Although the presumptive range for violating general parole condition 5(c), as specified in 37 Pa.Code § 75.4, is 6 to 18 months, the Board listed as aggravating reasons for exceeding the presumptive range, Harris' "history of sex offenses, violent behavior and danger to the community." [2]

---

1. 37 Pa.Code § 63.4, subsection (5)(iii), entitled "General conditions of parole," provides that a parolee shall, "[r]efrain from an assaultive behavior."

2. 37 Pa.Code § 75.3(c) specifies that:

(c) The Board may deviate from the presumptive range or determine that recommitment should not occur provided sufficient written justification is given.

Harris filed an administrative appeal on September 19, 1995, alleging that "[t]he Board exceeded the presumptive range of the guidelines without sufficient reason." Harris requested a reversal or modification of the Board's revocation decision. The Board denied Harris' request for administrative relief on December 7, 1995 and this appeal followed.

 Harris claims that there was not sufficient evidence to support the Board's written justification for deviating from the presumptive range of backtime because the violation hearing was not completely transcribed and a portion of the cross-examination testimony of Barbara Banks is missing from the record. We disagree and affirm the Board's decision.[3]

Although a portion of the violation hearing was not transcribed, and it is true that the entire testimony of a witness should be made part of the record, where there is some portion missing, such will not constitute a ground for error unless it is alleged that the missing testimony contains evidence which could justify the relief sought. No such allegation was made here by Harris regarding the missing portion of Barbara Banks' cross-examination testimony, and we note that our review of the record as a whole reveals that the Board's written justification for exceeding the presumptive backtime range is supported by substantial evidence.

The reasons given by the Board for exceeding the presumptive range were Harris' history of sex offenses, his violent behavior and the fact that he is a danger to the community. As noted, Harris' original sentence was imposed based upon his rape conviction. This court has previously ruled that a prisoner's original conviction can constitute an aggravating factor to justify exceeding the presumptive range in imposing backtime. *See Ferguson v. Pennsylvania Board of Probation and Parole*, 111 Pa.Cmwlth. 562, 534 A.2d 579 (1987).

As to the additional reasons given by the Board, we note that Barbara Banks testified that on the evening of October 1, 1994, Harris slapped her in the face, choked her, punched her and threatened to kill her. Obviously, the Board chose to believe this testimony in rendering its decision, it being the ultimate factfinder. *Pastuszek v. Pennsylvania Board of Probation and Parole*, 118 Pa. Cmwlth. 6, 544 A.2d 1051 (1988).

As Harris has failed to assert how the missing portion of Barbara Banks' cross-examination testimony could negate the fact that substantial evidence exists in the transcribed portion of her testimony, and in the record as a whole, we will affirm the Board's decision.

### ORDER

AND NOW, this 10th day of July, 1996, the decision of the Pennsylvania Board of Probation and Parole dated December 7, 1995 is affirmed.

---

3. Our scope of review of the Board's decision is limited to determining whether the necessary findings are supported by substantial evidence and whether the Board committed errors of law or constitutional violations. *Johnson v. Pennsylvania Board of Probation and Parole*, 98 Pa. Cmwlth. 294, 511 A.2d 894 (1986).