Timothy **JOYCE**, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 18, 2002.

Decided Nov. 21, 2002.

---

Kent D. Watkins, Saint Clair, for petitioner.

Tara L. Patterson, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Timothy Joyce petitions for review of a decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. We affirm.

Joyce was initially incarcerated in 1987 to serve a sentence of seven to twenty years for the offenses of third degree murder and possession of an instrument of crime. Thereafter, Joyce was paroled and reparoled three times. During his third parole, Joyce was arrested on March 25, 2000 on new criminal charges for robbery, aggravated assault, possession of an instrument of crime, theft, reckless endangerment of another person, and simple assault.

On March 26, 2000, the Board lodged a detainer against Joyce. On April 6, 2000, the Court of Common Pleas of Philadelphia County released Joyce on his own recognizance pending disposition of the new criminal charges; however, Joyce was

detained based on the Board's warrant. On May 9, 2000, after a parole violation hearing, the Board issued a decision recommitting Joyce to a state correctional institution as a technical parole violator to serve thirty-six months backtime and detaining Joyce pending disposition of the new criminal charges.

On April 12, 2001, Joyce was convicted of the new criminal charges and the Board received official verification of Joyce's conviction on May 2, 2001. A parole revocation hearing was held on June 25, 2001, after which the Board mailed a decision on August 6, 2001. Therein, the Board recommitted Joyce to a state correctional institution as a technical parole violator for thirty-six months, when available, and as a convicted parole violator to serve forty-eight months backtime consecutively for a total of eighty-four months backtime, when available. As a result, Joyce's parole violation maximum date became May 1, 2009.

Joyce filed a request for administrative relief alleging therein that the Board abused its discretion in ordering that the backtime for the technical violations run consecutively rather than concurrently with the backtime imposed for the new criminal conviction. In support of this allegation, Joyce argued that the majority of the combined parole violation and parole revocation decisions have the backtime imposed for the technical violation running concurrently with the backtime imposed for the new criminal conviction.

Upon review, the Board, by decision mailed November 2, 2001, denied Joyce's request for administrative relief. Joyce petitioned this Court for review of the Board's decision. However, after receiving Joyce's appeal, the Board filed a motion for a remand on the basis that the transcript of the June 25, 2001 revocation hearing could not be transcribed because the tape was blank. By order of January 14, 2002, this Court granted the Board's motion for remand and ordered the Board to conduct a rehearing, recreate a transcript and issue a new decision within sixty days of the entry of the order.

On remand, the Board conducted a parole revocation hearing on February 5, 2002. At the revocation hearing, Joyce, through his counsel, objected to the timeliness of the hearing. Counsel argued that the hearing was untimely on the basis that it was not Joyce's fault that a remand was necessary due to the tape being lost from the first parole revocation hearing.

By decision mailed April 3, 2002, the Board again recommitted Joyce to a state correctional institution as a technical parole violator for thirty-six months and as a convicted parole violator to serve forty-eight months backtime consecutively for a total of eighty-four months backtime. Joyce's parole violation maximum date also remained the same as May 1, 2009.

On April 26, 2002, Joyce filed a request for administrative relief with the Board. Therein, Joyce repeated his allegation that the Board abused its discretion in ordering that the backtime for the technical violations run consecutively rather than concurrently with the backtime imposed for the new criminal conviction. Joyce also alleged that the February 5, 2002 parole revocation hearing was untimely because it was held more than 120 days from the date of official verification of Joyce's conviction or return to a state correctional institution.

By decision mailed May 28, 2002, the Board denied Joyce's request for administrative relief. Joyce now petitions this Court for review of the Board's decision.[1]

1. This Court's scope of review of a decision by the Board is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law

In this appeal, Joyce raises two issues: (1) whether the parole revocation hearing upon remand was untimely and in violation of the Pennsylvania Rules of Appellate Procedure and the Pennsylvania Code and due to no fault of Joyce; and (2) whether the Board used inaccurate information in determining to run the backtime imposed for the technical parole violation consecutive to the backtime imposed as a convicted parole violator.

In support of the first issue, Joyce contends that the Board was required to hold a revocation hearing within 120 days of receiving official verification of his conviction on new criminal charges. Joyce contends further that the loss of the transcript and the loss of information by the Board is not a reason for a rehearing or untimely hearing. Joyce argues that unreasonable and unjustifiable delays which are not attributable to the parolee or the parolee's counsel do not toll the running of the 120 days. Joyce contends that the Board had the burden to prove that his hearing was timely and that the Board did not offer testimony or evidence to verify its allegations that the information from the June 25, 2001 hearing was not due to error on the Board's part rather than that of the parolee.

Finally, Joyce argues that the Pennsylvania Rules of Appellate Procedure do not provide for the remand of the case for a rehearing. Joyce contends that the rules provide for statements in the absence of a transcript and agreed statements of the record by the parties; however, neither of these procedures was followed in this case. Joyce contends that if the Board is permitted to pursue the procedure employed in this case, i.e., a motion to remand, the Board would be given two bites of the apple if upon review of their notes they could not find substantial information to support their original decisions. Joyce argues that a parolee is twice subjected to a hearing on the same information and the record, which may or may not have been complete in the first instance, is then supplemented to provide the necessary information to support the original decision.

■ Herein, Joyce is correct that generally, a parole revocation hearing must be held within 120 days from the date the Board receives official verification of a conviction. 37 Pa.Code § 71.4(1). Where a parolee asserts that the Board held a revocation hearing beyond the 120–day period, the Board bears the burden of proving, by a preponderance of the evidence, that it conducted the hearing in a timely manner. *Mack v. Pennsylvania Board of Probation and Parole*, 654 A.2d 129 (Pa.Cmwlth. 1995). If the Board fails to sustain this burden, the appropriate remedy is a dismissal of the parole violation charges with prejudice. *Id.*

This Court has previously held that the Board must provide a complete record of its proceedings, including a verbatim transcript of the hearing where necessary, so that this Court may conduct a meaningful review of the issues raised on appeal. *Bandy v. Pennsylvania Board of Probation and Parole*, 108 Pa.Cmwlth. 387, 530 A.2d 507 (1987), *petition for allowance of appeal denied*, 518 Pa. 614, 540 A.2d 535 (1988) (citing *Laboy v. Pennsylvania Board of Probation and Parole*, 74 Pa. Cmwlth. 332, 459 A.2d 916 (1983)). As pointed out in *Bandy*, where the record has been so unintelligible that it has precluded this Court from reaching a decision

was committed, or whether the constitutional rights of the parolee was violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704, *Gaito v. Pennsylvania Board of*

*Probation and Parole*, 128 Pa.Cmwlth. 253, 563 A.2d 545 (1989), *petition for allowance of appeal denied*, 525 Pa. 589, 575 A.2d 118 (1990).

on the merits, this Court has remanded the matter back to the agency for a new hearing and the making of complete record. *Bandy*, 530 A.2d at 509 (citing *Clark v. Department of Public Welfare*, 45 Pa. Cmwlth. 38, 404 A.2d 774 (1979)); *see also Laboy* (Because the record was fragmentary, the matter was remanded by this Court to determine what transpired at the parole violation hearing.). This Court has also remanded a matter to an agency for further proceedings and the entry of a new decision because the cassette tapes of the prior hearing had been erased. *See Ormes v. Department of Public Welfare*, 98 Pa.Cmwlth. 588, 512 A.2d 87 (1986).

■ In the instant case, it is undisputed that the Board held a parole revocation hearing within 120 days of the official verification of Joyce's new conviction in accordance with the Pennsylvania Code. The problem with the tape of the proceedings was a technical mistake which the Board moved to correct in an appropriate manner. Because the tape of the June 25, 2001, parole revocation hearing was blank thereby resulting in the record being incomplete, the Board properly filed a motion with this Court for a remand in order to complete the record. This Court granted the remand motion and ordered a new hearing. Otherwise, there would have been no record upon which this Court could have conducted meaningful appellate review when trying to decide the merits of Joyce's petition for review.

Therefore, we reject Joyce's contention that the parole revocation hearing held on February 5, 2002 pursuant to this Court's order, was untimely because the lack of a complete record is not an exception to the 120 day requirement found in 37 Pa.Code § 71.4(1) of the Pennsylvania Code.

■ Moreover, we reject Joyce's argument that the remand hearing violated the Pennsylvania Rules of Appellate Procedure. Pursuant to Pa.R.A.P.1951(b), "the court may at any time direct that the omission or misstatement [from the record] be corrected and, if necessary, that a supplemental record be prepared and filed." Herein, it was determined by this Court that a remand was necessary to recreate the record in this matter because there simply was no record. Moreover, because it is the Board's responsibility to supply this Court with a complete record, including a verbatim transcript of the parole revocation hearing, the Board was not required to attempt to supply the contents of the record by stipulation in this case. See Pa.R.A.P.1951(b) (If anything material to any party is omitted from the record or is misstated therein, the parties may at any time supply the omission or correct the misstatement by stipulation.).

While Joyce also relies upon Pa.R.A.P. 1923 [2] and Pa.R.A.P.1924,[3] which provide for a statement in the absence of a tran-

2. Rule 1923 provides as follows:
    If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

3. Rule 1924 provides that in lieu of the record on appeal, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court. Pa.R.A.P.1924. The statement must be approved by the trial court and then certified to the appellate court as the record on appeal. *Id.*

script or an agreed statement of the record, these two Rules are not controlling herein. First, utilizing these two methods to complete the record is not mandatory and second, these Rules apply to the transmission of the record from a trial court, not a governmental agency. The filing of a record below in proceedings on a petition for review is governed by Pa.R.A.P.1951 and Pa.R.A.P.1952.

In addition, ordering a remand for a new hearing in instances such as this one will not permit the Board a "second bite at the apple" as alleged by Joyce. It is within this Court's discretion, after reviewing the record or lack thereof, to determine if a remand is necessary. The Court must look at each case individually. The mere fact that the Board files a motion for a remand due to an incomplete record does not mean that the request will be granted automatically.

Accordingly, the Board's filing of the remand motion and this Court's granting of the same did not violate the Pennsylvania Rules of Appellate Procedure.

In support of the second issue raised herein, Joyce argues that the Board used inaccurate information in determining to run the backtime imposed for the technical parole violation consecutive to the convicted parole violation. However, this issue has been waived by Joyce due to his failure to preserve this issue in his request for administrative relief filed with the Board. *See* Pa.R.A.P. 1551 (No question shall be heard or considered by the Court which was not raised before the government unit.). In addition, Joyce failed to raise this issue in his petition for review filed with this Court. *See* Pa.R.A.P. 1513; *Siers v. Pennsylvania Board of Probation and Parole*, 725 A.2d 220 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 562 Pa. 678, 753 A.2d 822 (1999) (Parolee waived issue where issue was not included in stated objections in the petition for review nor fairly comprised therein.).

Accordingly, the Board's decision denying Joyce's request for administrative relief is affirmed.

Judge PELLEGRINI concurs in result only.

### ORDER

AND NOW, this 21st day of November, 2002, the decision of the Pennsylvania Board of Probation and Parole in the above captioned matter is affirmed.