# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew L. Smith, : 
        Petitioner : 
         : 
        v. : No. 274 C.D. 2018
         : Submitted: July 20, 2018
Pennsylvania Board of Probation : 
and Parole, : 
        Respondent : 


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE COLINS**           **FILED:  August 23, 2018**


        Before this Court are the petition of Matthew L. Smith (Smith) for review of the January 31, 2018 determination of the Pennsylvania Board of Probation and Parole (Board), which affirmed its recalculation of his maximum sentence date, and the application of Forest County Public Defender Michelle M. Alaskey, Esquire (Counsel) for leave to withdraw as counsel for Smith.  For the following reasons, we grant Counsel's application to withdraw and affirm the Board's determination.

        On March 27, 2014, Smith was paroled from a state prison sentence of 1 year and 6 months to 5 years.  (Certified Record (C.R.) at 40-42, 48.)  His maximum date at that time was April 19, 2016.  (C.R. at 40-41.)  On May 12, 2014, the Board issued a Warrant to Commit and Detain Smith for violation of his parole.  (C.R. at 54.)  Smith was confined on that technical parole violation charge from May

12, 2014 until August 26, 2014, when he was released to a community corrections center. (C.R. at 79, 144, 170.) On November 12, 2014, Smith absconded, and the Board declared him delinquent. (C.R. at 65, 74, 79.) On December 3, 2014, Smith was arrested for violation of his parole and was held on a Board Warrant to Commit and Detain. (C.R. at 66, 78.) On January 22, 2015, Smith was recommitted as a technical parole violator, and his maximum date was extended to May 10, 2016 based on the 21-day period from November 12 to December 3, 2014 that Smith had been delinquent. (C.R. at 80-84.)

On March 13, 2015, Smith was re-paroled. (C.R. at 85.) On April 3, 2015, Smith absconded again, and the Board declared him delinquent. (C.R. at 91, 99.) On April 14, 2015, Smith was arrested for violation of his parole and was confined on this technical parole violation charge until July 14, 2015, when he was released to a community corrections center. (C.R. at 92, 98, 101, 121-122.) On August 13, 2015, new criminal charges were filed against Smith, including a charge that he committed a second-degree felony bank robbery on August 10, 2015, and the Board issued a Warrant to Commit and Detain him for violation of his parole. (C.R. at 102-106, 107, 157-158.) Smith entered a guilty plea to the robbery charge on March 9, 2016, and was sentenced to 3 to 6 years' imprisonment on that conviction on April 27, 2016. (C.R. at 157-159, 165-169.)

By decision mailed on June 17, 2016, the Board recommitted Smith to a state correctional institution (SCI) as a convicted parole violator with a new maximum date of July 10, 2017. (C.R. at 172-175.) This new maximum date was based on the Board's determination that Smith had 424 days remaining on his sentence when he was re-paroled on March 13, 2015, that Smith forfeited as liberty on parole the 230 days between March 27 and November 12, 2014, and that he was

2

entitled to credits of 106 days for the period from May 12 to August 26, 2014, 91 days for the period from April 14 to July 14, 2015, and 18 days for the period from August 13 to August 31, 2015. (C.R. at 174, 191.) Adding the forfeited 230 days to the 424 days remaining on his sentence and subtracting 106, 91 and 18 days, the Board concluded that Smith had 439 days remaining on his sentence, which he began serving on April 27, 2016, resulting in a new maximum date of July 10, 2017. (C.R. at 174, 191.)

Smith timely filed a request for administrative remedies with the Board on June 26, 2016, asserting that his maximum date was not correctly calculated because he was not given credit for four periods of time when he contends that he was confined and not at liberty on parole: a period in May and June 2014, a period from June to August 2014, a period between November 2014 and March 2015, and a period between April to July 2015. (C.R. at 178-179.) By decision mailed January 31, 2018, the Board denied the request for administrative relief and affirmed Smith's maximum date of July 10, 2017. (C.R. at 191-192.)[1] Counsel timely filed the instant petition for review on Smith's behalf, appealing the calculation of Smith's July 10, 2017 maximum date to this Court. On May 23, 2018, after the certified record was filed by the Board, Counsel filed an application for leave to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988). Smith was notified of this application and of his right to obtain substitute counsel or file a brief on his own behalf and has filed nothing in response to the application or in support of the petition for review.

---

[1] Although the maximum date on Smith's original sentence expired before the Board ruled, this matter is not moot because Smith is still incarcerated under his 3- to 6-year bank robbery sentence and a reduction in his maximum date here could impact the time credited to that new sentence. *See Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42 n.2 (Pa. Cmwlth. 2010).

Before this Court can consider the merits of the petition for review, we must first address Counsel's application to withdraw and determine whether Counsel has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010); *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006); *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1123 (Pa. Cmwlth. 2005).

When counsel for an inmate in an appeal from a decision of the Board seeks to withdraw on the ground that the appeal is frivolous or without merit, she must satisfy the following procedural requirements: 1) she must notify the inmate of her request to withdraw;  2) she must furnish the inmate with a copy of a no-merit letter or a brief satisfying the requirements of *Anders v. California*, 386 U.S. 738 (1967);[2] and 3) she must advise the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-25 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 958-60 (Pa. Cmwlth. 2009); *Adams*, 885 A.2d at 1123.  Where the inmate has a constitutional right to counsel, an *Anders* brief is required and withdrawal is allowed only if the appeal is wholly frivolous. *Hughes*, 977 A.2d at 22-26; *Zerby*, 964 A.2d at 958-60.  If there is not a constitutional right to counsel, counsel may satisfy her obligations by filing a no-merit letter, rather than an *Anders* brief, and the standard

---

[2] An *Anders* brief must (i) provide a summary of the procedural history and facts, with citations to the record; (ii) refer to anything in the record that counsel believes arguably supports the appeal; (iii) set forth counsel's conclusion that the appeal is frivolous; and (iv) state counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

is whether the claims on appeal are without merit. *Hughes*, 977 A.2d at 24-26; *Zerby*, 964 A.2d at 959-61. Because the only issues in this appeal are challenges to the Board's calculation of Smith's maximum sentence date, there is no constitutional right to counsel and only a no-merit letter is required. *Seilhamer*, 996 A.2d at 42-43 n.4; *Hughes*, 977 A.2d at 25-26; *Zerby*, 964 A.2d at 961.

Counsel satisfied the procedural requirements that she notify Smith of her request to withdraw, advise him of his right to retain new counsel or submit supplementary briefing on his own behalf, and supply him with her no-merit letter. (Application to Withdraw Ex. A.) Counsel's no-merit letter is also sufficient. A no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the inmate wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. *Miskovitch*, 77 A.3d at 69; *Seilhamer*, 996 A.2d at 43; *Hughes*, 977 A.2d at 26; *Zerby*, 964 A.2d at 961. Counsel's no-merit letter sets forth her review of the certified record and discusses all of the issues that Smith seeks to raise and explains why Counsel believes that these issues are without merit. The no-merit letter explains that the Board in fact gave Smith credit for all the time periods raised in his timely administrative remedies form. (No-Merit Letter at 6-7.) The no-merit letter also addresses additional issues that Smith seeks to raise in this appeal, explaining that Smith's claim for credit for an additional October to November 2014 time period is barred by waiver and explaining that his claim that the Board improperly extended his sentence beyond his judicially imposed sentence is without merit under relevant statutory and case law. (*Id.* at 7-11.) Accordingly, this Court may grant Counsel's application to withdraw and proceed to the merits.

The only arguments that Smith has sought to raise in this appeal are that the recalculation of his maximum sentence date is incorrect because the Board failed

to give him credit for specific periods of time that he was confined and that the Board improperly extended his judicially imposed sentence. We conclude that none of these arguments has merit.[3]

Contrary to Smith's assertions, the Board's maximum sentence date gave him credit for all periods that he timely raised. The only time periods for which Smith sought credit in his administrative remedies form were a period in May and June 2014 of parole violation hearing pre-confinement at the State Correctional Institution at Albion, a period from June to August 2014 of confinement in a parole violation center, a period between November 2014 and March 2015 when he was confined on his November 2014 parole violation, and a period from April to July 2015 when he was confined in a parole violation center on his April 2015 parole violation. (C.R. at 178-179.) The record shows that the Board expressly gave Smith credit for the May to June 2014, June to August 2014, and April to July 2015 periods: the Board listed as confinement time 106 days for the period from May 12 to August 26, 2014 and 91 days for the period from April 14 to July 14, 2015, and subtracted those days in calculating Smith's new maximum date. (C.R. at 174, 191.) Although the Board did not reference or subtract any time between November 2014 and March 2015, the record shows that the Board gave Smith credit for all time that he was confined in this period in calculating the number of days remaining on Smith's sentence from his March 13, 2015 re-parole and excluding the November 2014 and March 2015 period from the forfeited time at liberty on parole. The only time that Smith was confined during the November 2014 to March 2015 period was December 3, 2014 to March 13, 2015. (C.R. at 66, 78-79, 85.) In its calculation of the July 10,

---

[3] This Court may reverse the Board's determination only where necessary findings are not supported by substantial evidence, an error of law was committed, or constitutional rights of the inmate or administrative procedures were violated. *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764 (Pa. 2017).

6

2017 maximum sentence date, the Board computed the unserved portion of Smith's sentence as consisting only of the period between March 13, 2015 and the previously established May 10, 2016 maximum date plus forfeited liberty on parole. (C.R. at 174.) This calculation gave Smith credit for all time before March 13, 2015, including the December 3, 2014 to March 13, 2015 period, as time served, unless it was forfeited liberty on parole. The forfeited liberty on parole consisted only of time between March 27 and November 12, 2014 and did not include any of Smith's December 3, 2014 to March 13, 2015 confinement. (*Id.*)

To the extent that Smith seeks to raise any other issues in this appeal, they are barred by waiver. Issues not raised by the inmate in a timely administrative appeal to the Board are waived and cannot be grounds for reversing the Board's determination. *Adams*, 885 A.2d at 1125 n.7; *White v. Pennsylvania Board of Probation and Parole*, 833 A.2d 819, 821 (Pa. Cmwlth. 2003); *Joyce v. Pennsylvania Board of Probation and Parole*, 811 A.2d 73, 78 (Pa. Cmwlth. 2002); *McCaskill v. Pennsylvania Board of Probation and Parole,* 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Smith did not raise any claim in his June 26, 2016 administrative remedies form that he was entitled to credit for the October to November 2014 period or that that there was any error in his maximum sentence date other than the alleged denial of credit for the four time periods discussed above. (C.R. at 178-179.) While Smith did assert a claim that the Board improperly extended his judicially imposed sentence in a second request for administrative relief, that document was not filed until July 28 or 29, 2016, more than 30 days after the Board's June 17, 2016 notice of its recommitment order and new maximum sentence date. (C.R. at 180-186.) Because an administrative appeal to the Board must be filed within 30 days, this filing was untimely and was not a valid appeal to

7

the Board. 37 Pa. Code § 73.1(b)(1); *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013); *McCaskill,* 631 A.2d at 1095; *Cadogan v. Pennsylvania Board of Probation and Parole*, 541 A.2d 832, 833-34 (Pa. Cmwlth. 1988).

For the foregoing reasons, we grant Counsel's application to withdraw and affirm the Board's January 31, 2018 determination.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew L. Smith,  :
          Petitioner  :
  :
        v.  :    No. 274 C.D. 2018
  :
Pennsylvania Board of Probation  :
and Parole,  :
          Respondent  :

## ORDER

AND NOW, this 23rd day of August, 2018, the Application for Leave to Withdraw as Counsel filed by Forest County Public Defender Michelle M. Alaskey, Esquire in the above-captioned matter is hereby GRANTED. The January 31, 2018 determination of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge