IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Krause,                          :
                     Petitioner         :
                                        :
          v.                            :
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :     No. 2321 C.D. 2015
                     Respondent         :     Submitted: June 3, 2016

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: September 23, 2016

          Daniel Krause (Krause) petitions this Court for review of the
Pennsylvania Board of Probation and Parole's (Board) October 28, 2015
determination that affirmed the Board's June 29, 2015 decision. Krause presents two
issues for this Court's review: (1) whether the Board erred by not addressing
Krause's credit challenge; and, (2) whether the Board erred by not giving Krause
credit for all time that he served solely under the Board's warrant. After review, we
affirm.

          Krause is currently an inmate at State Correctional Institution-Mahanoy
(SCI-Mahanoy). On January 8, 2010, the Board paroled Krause from a 2 to 5-year
sentence for burglary (Original Sentence). At that time, his maximum sentence
release date was September 17, 2013. Before his September 30, 2010 release on
parole, Krause agreed to conditions governing his parole, including:

          If you are convicted of a crime committed while on
          parole/reparole, the Board has the authority, after an
          appropriate hearing, to recommit you to serve the balance of

> the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 7-10. Krause did not raise any objections to the above-quoted parole condition.

On June 2, 2011, Krause was declared delinquent and was returned to state custody on July 3, 2011. By August 17, 2011 decision, the Board recommitted Krause as a technical parole violator and, due to his loss of 31 days of delinquency time, recalculated his Original Sentence maximum release date from September 17, 2013 to October 18, 2013.

By June 27, 2012 decision, the Board reparoled Krause to Jubilee Ministries Community Corrections Center (CCC). *See* C.R. at 22. Before his August 16, 2012 release on reparole, Krause agreed to reparole conditions, including:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 19-22. Krause did not object to the above-quoted reparole condition. Krause was released from the CCC on March 2, 2013.

On May 1, 2013, Krause was arrested by the North Lebanon Township Police Department on criminal trespass (entering a structure) and harassment charges. On May 2, 2013, the Board lodged a warrant to commit and detain Krause based on these new charges. The trial court set bail in the amount of $5,000.00 monetary on June 13, 2013, but Krause did not post bail and, thus, remained incarcerated. On September 5, 2013, the trial court changed Krause's bail to $5,000.00 unsecured, and Krause posted bail on September 6, 2013.

2

Notwithstanding, Krause remained in prison from September 6, 2013 to October 18, 2013 solely under the Board's May 2, 2013 warrant. Krause was also arrested on May 29, 2013 for disorderly conduct and harassment for another May 1, 2013 incident. On July 18, 2013, the trial court set bail in the amount of $2,000.00 unsecured, but Krause did not post bail until July 24, 2013. On October 18, 2013, the Board lifted its warrant and Krause was released from prison.

On September 9, 2014, a jury found Krause guilty of the May 1, 2013 criminal trespass, disorderly conduct and harassment charges. Krause forfeited his bail on October 22, 2014. On October 24, 2014, the Board re-lodged its warrant to commit and detain Krause, and Krause was placed into SCI-Camp Hill under parole violator pending status. On November 5, 2014, the Board provided Krause with a notice of charges and notice of the Board's intent to hold a revocation hearing. That same day, Krause waived his right to counsel and a revocation hearing, and admitted to the May 1, 2013 charges. On November 17, 2014, the Board Hearing Examiner voted, and on November 26, 2014 the Board Member voted to recommit Krause as a convicted parole violator, and to deny him credit for time he spent at liberty on parole.

On November 19, 2014, the trial court sentenced Krause to concurrent terms of 11-months to 1 year, 11-months which was to be served in the Lebanon County Correctional Facility. By decision recorded December 23, 2014 (mailed January 21, 2015), the Board formally recommitted Krause as a convicted parole violator when he became available, after parole from or completion of his Lebanon County sentences. By June 18, 2015 amended order, the trial court granted Krause parole, and directed that he be transferred to a state correctional institution. Krause was transferred to SCI-Mahanoy on June 26, 2015. By decision recorded June 29, 2015 (mailed July 8, 2015), the Board referred to its December 23, 2014 decision,

3

and recalculated Krause's Original Sentence maximum date to January 31, 2017, and his reparole review date to on or after December 30, 2015.

The Board calculated Krause's new maximum sentence release date as follows. When Krause was released on parole on August 16, 2012, his maximum sentence date was October 18, 2013, and, thus, he owed 428 days of backtime toward his Original Sentence. Krause forfeited parole liberty time for the 245 days he was on parole from September 30, 2010 to June 2, 2011. Adding 245 days to 428 days resulted in Krause owing 673 days of backtime toward his Original Sentence. The Board also provided Krause with 84 days of backtime credit. Specifically, Krause received 42 days of credit for the period of September 6, 2013 (when he posted bail) to October 18, 2013 (when the Board lifted its warrant). Krause also received 42 days of credit for the period of May 2, 2013 (the date the Board warrant was lodged) to June 13, 2013 (the date Krause could post bail). Crediting 84 days against 673 days of backtime resulted in Krause owing 589 days toward his Original Sentence.

Krause became available to begin serving the backtime on his Original Sentence when he was paroled on June 22, 2015. Adding 589 days to June 22, 2015, resulted in Krause's new January 31, 2017 Original Sentence maximum sentence release date. The Board determined Krause's reparole review date as follows. The Board decision recorded June 29, 2015 (mailed July 8, 2015) directed Krause to serve 9 months for his convicted parole violations. The Board determined the 9-month total based on Krause's harassment (2 counts) and criminal trespass convictions. Krause became available to serve his backtime when he was paroled on June 22, 2015. Adding 9 months to June 22, 2015 resulted in a March 22, 2016 reparole review date. However, since Krause received 84 days of backtime credit, his reparole review date was 84 days earlier, on December 30, 2015.

Krause submitted a pro se Administrative Remedies Form on January 30, 2015 challenging the Board's decision recorded December 23, 2014 (mailed

4

January 21, 2015), which formally recommitted Krause as a convicted parole violator on the basis that he was entitled to additional sentence credit. On February 25, 2015, the Board dismissed his challenge as premature because Krause was in "when available" status, and the Board had not at that time determined his new Original Sentence maximum date. C.R. at 145.

On July 20, 2015, Krause submitted another pro se Administrative Remedies Form challenging the Board's decision recorded June 29, 2015 (mailed July 8, 2015) that established his new Original Sentence maximum sentence release date and reparole review date, and sought sentence credit for the time he was in the CCC. An evidentiary hearing was scheduled for October 23, 2015; however, before the hearing, Krause signed a Waiver of Custody Credit Claim (Waiver) form. *See* C.R. at 154. On October 28, 2015, the Board informed Krause's attorney that, based on Krause's Waiver, Krause's administrative review requests were "hereby withdrawn." C.R. at 166. Krause appealed to this Court.[1]

Krause first argues that the Board erred by not addressing Krause's credit challenge. Specifically, Krause contends that he only waived the issue of whether he should receive sentence credit for the time he was in the CCC so that he did not have to wait for an evidentiary hearing before receiving the additional credit.

In its brief herein, the Board noted:

Krause argues in his [b]rief that the Board failed to address his backtime claims and calculations after he waived his *Cox*[2] evidentiary hearing. *See* [*Krause's*] *Brief* p.[]12. The Board's counsel agrees with Krause that the Board

---

[1] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[2] *Cox v. Pa. Bd. of Probation & Parole,* 493 A.2d 680 (Pa. 1985) (requiring an evidentiary hearing to determine whether time spent in a facility should be credited toward an inmate's original sentence).

> should have responded to the merits of his backtime and maximum date claims. As the Board is now doing so in this Brief, a remand of the case is not necessary.

Board Br. at 11 n.1.

"[A] remand is appropriate" when "a record has not been sufficiently developed as to allow complete appellate review[.]" *Smith v. Pa. Bd. of Probation & Parole,* 81 A.3d 1091, 1095 (Pa. Cmwlth. 2014); s*ee also Joyce v. Pa. Bd. of Probation & Parole,* 811 A.2d 73 (Pa. Cmwlth. 2002) (remand required due to blank tape of hearing). Further, the issue presented here, whether Krause was entitled to credit on his Original Sentence for time spent incarcerated in a state correctional institution is a legal issue and, thus,

> clearly distinct from those situations in which hearings were required to determine: (1) whether a residential drug treatment program constituted the equivalent of prison incarceration; (2) whether a parolee's parole violation hearing counsel was ineffective; (3) whether a parole revocation hearing was timely; or, (4) if a probation violator received notice of a violation hearing or the charges against him. Nor is this a case in which a remand is required to enable an unrepresented parolee to file an appeal from a Board revocation decision with the aid of appointed counsel. Indeed, [Krause] proceeded with appointed counsel before this Court. . . . [Krause] is not entitled to a hearing for this purpose.

*Baldelli v. Pa. Bd. of Probation & Parole,* 76 A.3d 92, 100-01 (Pa. Cmwlth. 2003) (footnotes omitted).

In his brief herein, Krause states that "[t]hat the case should be remanded **for the [Board] to address the time calculations**." Krause Br. at 11 (emphasis added). The Board has now done so. Moreover, pursuant to Pennsylvania Rule of Appellate Procedure 2113(a), "the appellant may file a brief in reply to matters raised by appellee's brief . . . and not previously addressed in appellant's brief." Pa.R.A.P. 2113(a). Krause did not file a reply brief objecting to the Board addressing the time

calculations in its brief or in opposition to the Board's explanation as to how it reached its determination. Because Krause's brief includes his argument with respect to whether the Board erred in calculating his maximum sentence date and the certified record contains all of the information necessary for this Court to resolve that issue, a remand is not necessary. Accordingly, we will address Krause's argument pertaining to his maximum sentence release date calculations.

Krause argues that his maximum sentence release date should be June 23, 2016, rather than January 31, 2017. Specifically, Krause contends that the Pennsylvania Department of Corrections Moves Report indicates that he was incarcerated in a state correctional institution under parole violator pending or technical parole violator status for the 169 days between May 2, 2013 and October 18, 2013. Additionally, Krause was returned to a state correctional institution from October 24, 2014 to March 10, 2015, when he was transferred to Lebanon County Correctional Facility. Krause maintains that, adding the 245 days forfeited to the 428 days backtime owed when he was paroled, results in 673 days of backtime owed. However, Krause asserts that after deducting the 169 days from May 2, 2013 to October 18, 2013, and the period from October 24, 2014 through March 10, 2015, there are 367 days owed. Accordingly, Krause concludes that adding 367 days to June 22, 2015 results in a maximum sentence release date of June 23, 2016. We disagree.

Initially,

Section 21.1(a) of what is commonly referred to as the [(]Parole Act[)] [Act of August 6, 1941, P.L. 861, *added by* Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a,] provides that a parolee may be recommitted as a convicted parole violator if the parolee commits any crime punishable by imprisonment, while on parole, from which he is convicted or found guilty. Section 21.1(a) [of the Parole Act] further provides that a convicted parole violator 'shall be given no credit for the time at

7

liberty on parole.' 61 P.S. § 331.21a. Upon recommitment as a convicted parole violator, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled with no credit given for street time. When computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiry. While Section 21.1(b) of the Parole Act, 61 P.S. § 331.21a(b), provides that a technical parole violator will be given credit for street time served in good standing, time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. Thus, upon recommitment as a convicted parole violator, in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator.

*Armbruster v. Pa. Bd. of Probation & Parole,* 919 A.2d 348, 351 (Pa. Cmwlth. 2007).[3] Further, "once a parolee is sentenced on a new criminal offense, the period of

---

[3] The Parole Code was consolidated and became effective on October 13, 2009. *Armbruster* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, **he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole** . . . .

(Emphasis added).

time between arrest and sentencing, when bail is not satisfied, must be applied toward the new sentence, and not to the original sentence." *Armbruster,* 919 A.2d at 352.

Section 6138(a)(5) of the Probation and Parole Code provides:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a [s]tate correctional institution and the new sentence imposed on the person is to be served in the [s]tate correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) **In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.**

61 Pa.C.S. § 6138(a)(5) (emphasis added).

With respect to the period of Krause's incarceration between May 2, 2013 and October 18, 2013, 169 days, although the Board had issued a warrant on May 2, 2013, Krause had not posted bail on his new charges until September 6, 2013. *See* C.R. at 38. Thus, the 127-day period between May 2, 2013 and September 5, 2013 was properly credited to his new sentence. *See Armbruster.* Consequently, Krause was only entitled to 42 days of credit toward his Original Sentence which he received.

In regard to the period of incarceration between October 24, 2014 and March 10, 2015, Krause was paroled from a state correctional institution, SCI-Chester, on June 27, 2012. *See* C.R. at 22. Krause's new sentences imposed on November 19, 2014, were to be served in Lebanon County Correctional Facility. *See* C.R. at 72, 124-126. Thus, although Krause was in a state correctional institution, his time was properly credited to his new sentences. *See* 61 Pa.C.S. § 6138(a)(5)(iii).

Accordingly, Krause was not entitled to any credit toward his Original Sentence for this time period.

Hence, because Krause received 42 days of credit for the period of September 6, 2013 to October 18, 2013,[4] and 42 days of credit for the period of May 2, 2013 to June 13, 2013, 84 days were properly subtracted from the 673 days of backtime owed, resulting in Krause owing 589 days toward his Original Sentence. Adding 589 days to June 22, 2015, Krause's original maximum date, results in a new Original Sentence maximum sentence release date of January 31, 2017.

For all of the above reasons, the Board's determination is affirmed.

_____
ANNE E. COVEY, Judge

---

[4] Krause posted bail on September 6, 2013 and the Board lifted its warrant on October 18, 2013. *See* C.R. at 38, 127.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Krause, :
                  Petitioner :
 :
            v. :
 :
Pennsylvania Board of :
Probation and Parole, : No. 2321 C.D. 2015
             Respondent :

## O R D E R

AND NOW, this 23rd day of September, 2016, the Pennsylvania Board of Probation and Parole's (Board) October 28, 2015 determination that affirmed the Board's June 29, 2015 decision is affirmed.

_____
ANNE E. COVEY, Judge